BROWN & SHARPE MANUFACTURING COMPANY *vs.*
GORDON L. DEAN.

JULY 27, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an employer's petition to review a preliminary agreement under the workmen's compensation act. The case was previously before this court and was remanded to the workmen's compensation commission for further hearing so that the commission might determine the amount of weekly compensation to which the respondent was entitled under the preliminary agreement and also whether petitioner was in contempt as charged by respondent. See *Brown & Sharpe Mfg. Co.* v. *Dean*, 89 R. I. 108, 151 A.2d 354.

Following such hearing before a trial commissioner a decree was entered on June 30, 1959 wherein he made certain findings and adjudged the employer not to be in contempt. The full commission thereafter entered a decree on September 16, 1959 affirming the decree of the trial commissioner. The case is before us on the respondent's appeal from such decree.

A brief recital of the travel of the case prior to the filing of the instant appeal is essential to an understanding of the questions raised herein.

On February 26, 1954 respondent sustained a compensable injury while employed by the petitioner, and on March 10 entered into an agreement for the payment of compensation for total incapacity. On June 25, 1954 the parties signed a supplemental agreement for compensation for partial incapacity at varying rates per week based on the difference between an average weekly wage of $87.77 and the

present varying weekly wage, to continue for the duration of such incapacity.

On August 29, 1956 petitioner notified respondent that it had overpaid him, in view of its discovery of his earnings received from not one but two employers at the same time, and that it had discontinued further payments and would maintain such discontinuance until the overpayment had been adjusted.

On October 5, 1956 petitioner filed the instant petition for review on the ground that respondent's incapacity had ended or diminished. This petition contained notice to the commission and to the employee of intention to discontinue, suspend or reduce payment on October 21, 1956.

On March 11, 1957 respondent filed a motion to adjudge petitioner in contempt for failure to make payments in accordance with the pending agreement.

The petitioner's petition for review of incapacity and respondent's motion to adjudge petitioner in contempt were heard by a trial commissioner and a decree was entered. From this decree respondent appealed to the full commission. The appeal was heard and a decree entered January 14, 1958. In this decree the commission found that respondent was partially incapacitated by reason of the injury sustained on February 26, 1954; that he had an earning capacity; and that petitioner was not in contempt. It was ordered *inter alia* that the petition (evidently meaning the petition for review) be denied and dismissed; and that the earnings from Renyx, Field & Company, Inc., the second employer, be computed upon a certain basis therein set out and certain other provisions made which are unnecessary to detail.

From this decree of the full commission an appeal was taken to this court by respondent. Here the appeal was heard and an opinion filed on May 21, 1959, *Brown & Sharpe Mfg. Co.* v. *Dean, supra*. The opinion sustained the appeal in part and remanded the cause to the workmen's

compensation commission for further hearing. A concluding paragraph of that opinion reads as follows: "Although we cannot say on the record before us that the respondent's motion to adjudge the petitioner in contempt should have been granted, we are of the opinion that the commission's finding that the petitioner was not in contempt was error. However, we are of the further opinion that justice requires that the case be remanded to the workmen's compensation commission for further hearing on the respondent's motion to adjudge the petitioner in contempt in order to afford the parties an opportunity to present evidence on the question of the respondent's actual weekly earnings from the second employer, so that the commission may make a finding thereon in accordance with this opinion, and thereafter determine the amount of weekly compensation to which the respondent was entitled under the preliminary agreement of June 25, 1954. The commission will then be in a position to decide whether there has been compliance with such preliminary agreement and also whether the petitioner is in contempt as charged by the respondent."

As stated, the cause was heard by a trial commissioner and from a decree entered by him on June 30, 1959 the respondent claimed an appeal to the full commission. Thereafter the full commission entered a decree on September 16, 1959 affirming the findings of fact and orders contained in the decree of June 30, 1959. In substance these are as follows: 1. That the respondent had earned weekly amounts from W. C. Viall Dairy Inc., as set out in petitioner's exhibit 201; and weekly amounts from Renyx, Field & Company, Inc. as set out in its exhibit 200. 2. That as of March 11, 1957 petitioner had paid to respondent all sums due him for partial incapacity in accordance with the agreement dated June 25, 1954 and had overpaid him in the sum of $236.86. 3. That petitioner was not in contempt on March 11, 1957 or on any date prior thereto.

The respondent claimed an appeal from this decree and filed the following six reasons:

"1. The decree is against the law;
2. The decree is against the evidence and the fair preponderance thereof;
3. The decree is against the law and the evidence and the fair preponderance thereof;
4. There is no legal evidence to support finding of fact numbered 1 b;
5. The introduction of petitioner's exhibit #200 was error;
6. There is no legal evidence to support a finding of fact #3."

Without attempting to discuss each of these reasons by itself we shall consider respondent's objections in our answers to two questions. (1) Did the commission err in accepting as evidence petitioner's exhibit No. 200? (2) Did the commission err in declining to adjudge petitioner in contempt?

The first question has to do with the necessity incumbent on the commission to determine the amount to be paid each week to respondent for partial incapacity. Sometime after working for petitioner he was employed by W. C. Viall Dairy Inc. There is no question about amounts earned from it which are set out in petitioner's exhibit 201. While still working for Viall, the respondent also worked for Renyx, Field & Company, Inc. selling securities. The petitioner's exhibit 200 is an itemized listing of the earnings of respondent from August 31, 1955 to March 28, 1957 originally sent by the employer to respondent's attorney and by him to the commission. In his letter of transmittal the attorney stated that he understood the statement would be admitted as an exhibit, but desired his exception noted as he considered it hearsay evidence and for other reasons was not admissible.

We do not understand that respondent questions the accuracy of the figures contained in exhibit 200. It was of-

fered by petitioner and objected to by respondent. One objection was that the amounts listed on the exhibit were not weekly earnings. They are so stated by the letter of transmittal of respondent's attorney, by the letter of transmittal from the employer, and by the listing itself. If there was error in this respect respondent, who was in the courtroom but did not testify, could have pointed out the error since he must have known what his weekly earnings were. For its admission the petitioner relies upon general laws 1956, §28-35-21, the pertinent portion of which is, "The contents of work records of a claimant employee signed by his employer or by the person having charge of such records may be admitted in evidence in any workmen's compensation proceeding."

The respondent insists that, assuming the statute makes the wage record admissible, it cannot do so if it deprives him of his right to cross-examination, and cites *Natalizia* v. *Atlantic Tubing & Rubber Co.*, 81 R. I. 515, to sustain his contention. We agree with the contention that the statute just referred to does not and cannot take away the right of cross-examination. In this case, however, we do not find that respondent's attorney requested an opportunity to claim such right when he sent the listing which became exhibit 200, nor did he object, on the ground now stated, before the commissioner. Furthermore in the commissioner's decision of June 25, 1959 he refers to the hearing held on March 22, 1957 at which respondent introduced a series of papers which were marked exhibit A, and stated that, as respondent said, the exhibit was the best evidence of the employee's weekly earnings from the second employer. Of the two exhibits the commissioner stated, "If the information contained in the documents which go to make up respondent's exhibit A is compared with respondent's exhibit 200 it will be seen that the amounts compare accurately." In the circumstances here we are of the opinion there was no error in admitting exhibit 200.

As to the second question of whether the petitioner was in contempt, the essential facts appear to be as follows: A petition for review was filed on October 5, 1956 with notice that petitioner intended to discontinue, suspend or reduce payments on October 21, 1956. The respondent promptly filed notice of intention to dispute the allegations of the petition and on the same day, October 11, 1956, the commission notified petitioner's counsel of such notice of dispute and also that compensation payments should be continued pending hearing which was set for November 19, 1956. There was a preliminary hearing on this last date, but the final hearing did not take place until March 1957.

On April 23, 1957 the trial commissioner filed his decision wherein he found that respondent had received no compensation since August 29, 1956, and on May 17, 1957 a decree was entered wherein petitioner was found not to be in contempt.

After the cause was remanded by this court to the commission for a rehearing, *Brown & Sharpe Mfg. Co. v. Dean, supra,* the trial commissioner after hearing again found that as of March 11, 1957 petitioner had paid all sums due respondent under the agreement of June 25, 1954; that it had overpaid him in the sum of $236.86; and that petitioner was not in contempt on March 11, 1957 or upon any date prior thereto. The findings of the trial commissioner were affirmed by the full commssion.

We do not understand that the respondent questions the correctness of the figures. He did contend before us that petitioner's contempt lay in the fact that it arbitrarily stopped payments without first obtaining the approval of the commission. It is clear that payments of compensation were stopped on August 29, 1956, a long time prior to the hearing before the commission and, contrary to the commission's directive of October 11, 1956, were not continued pending hearing.

The petitioner asserts that it was not in contempt and for the reason, as we understand it, that respondent was substantially overpaid and therefore could not be in contempt. The fact of overpayment has been proved to be correct. The fallacy of petitioner's argument lies in the fact that the determination of overpayment in the first instance was made by petitioner and not by the commission.

The agreement of the parties of June 25, 1954, approved by the director of labor on June 30, 1954, had the effect of a court decree, *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194, and could be modified in this case only by the commission and not by either of the parties. See also *Brown & Sharpe Mfg. Co.* v. *Giacoppa*, 69 R. I. 378, and *Frenier* v. *United Wire & Supply Corp.*, 83 R. I. 472.

The essential purpose of the workmen's compensation act is to provide weekly a sum of money in substitution for wages which have been lost because of injury. If the purpose of the act is to be carried out the weekly sum provided by a decree thereunder must not fail except by a decision of a competent and impartial body, in this case the commission.

The full commission by its decree of September 16, 1959, affirming the decree of the trial commissioner entered on June 30, 1959, found that the petitioner was not in contempt. In our opinion this was error for the reasons stated.

The respondent's appeal is sustained in part, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Worrell & Hodge, Lee A. Worrell,* for petitioner.

*Joseph A. Kelly, Ralph S. Daniels,* for respondent.